UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CIPRIANITO ALFREDO PEREZ JERONIMO,

Petitioner,

v.

ANDRE QUINONES, *et al.*,

Respondents.[1]

Case No. C26-4520-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED.[2] Federal Respondents have expressed their non-opposition to Petitioner Ciprianito Alfredo Perez Jeronimo's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondent request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge

[1] ICE Acting Seattle Field Office Director Andre Quinones is substituted for Julio Hernandez. *See* Fed. R. Civ. P. 25(d).

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

to the arguments [the opposing party] raised.”)); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026). “In our adversarial system of adjudication, we follow the principle of party presentation,” meaning that “in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.” *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, “as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.” *Id.* at 375–76 (citation modified). The Court could grant the petition on this basis alone. The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner alleges he has lived in the United States since 2013, has been with his partner for nine years, they have two U.S. citizen children, and he has worked at his own landscaping company for the last four years. (Dkt. # 1, ¶¶ 26-27.) He alleges he has no criminal history since two driving-related misdemeanor convictions in 2016 and 2018. (*Id.* ¶ 28, 58.) Petitioner was detained on September 19, 2026, while he was working. (*Id.* ¶ 29.)

On October 13, 2026, an immigration judge (“IJ”) conducted a bond hearing, for which Petitioner submitted evidence of family ties, proof of long-term residence and employment, tax filings, his children’s birth certificates, criminal records and proof of compliance, and ten letters of support from his partner and other community members. (Dkt. # 1, ¶ 30-31, 44.) Petitioner’s counsel states in a sworn declaration that the government submitted only an I-213 record that alleged Petitioner had “attempted to flee” during his detention, which Petitioner denied, and the officer did not testify at the hearing. (*Id.*, Ex. E at 2.) Counsel avers that the IJ at the hearing stated she found Petitioner was a flight risk because of the allegation that he attempted to flee,

and a danger because of his criminal history. (*Id.*) The IJ denied bond, finding Petitioner a flight risk and danger to the community. (*Id.* ¶ 32, Ex. B.) Petitioner has appealed. (*Id.* ¶ 35, Ex. A.)

Petitioner alleges the IJ abused her discretion in finding an isolated alleged attempt to flee during arrest constituted flight risk, given his long-term fixed address, partner, U.S. citizen children who qualify him for cancelation of removal, and community support. (Dkt. # 1, ¶¶ 41-50.) He asserts it was similarly an abuse of discretion to find him a danger based on remote criminal history. (*Id.* ¶¶ 51-54.) Petitioner further alleges that because his detention does not bear a reasonable relation to preventing flight risk or danger to the community, it violates the Due Process Clause of the Fifth Amendment, and immediate release is warranted. (*Id.* ¶¶ 63-66.)

The government has full access to the relevant facts concerning Petitioner's detention and the rationale for denying him at the hearing. Yet, the Return it filed offers no factual or legal basis to rebut his Petition. Under these circumstances, the Court construes the Petition as intentionally unopposed. *See Singh v. Mullin*, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026). The Court further concludes that Petitioner has shown by a preponderance of the evidence that denial of bond was an abuse of discretion. *See Layata Hernandez v. Hernandez*, 2026 WL 1723680, at *8 (W.D. Wash. June 15, 2026); *Zavala Sandoval v. Hernandez*, 2026 WL 1661379, at *5 (W.D. Wash. June 9, 2026) ("A dismissed, decade-old charge for a minor offense is not probative of present dangerousness."). Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release petitioner **no later than November 26, 2026**, on the same conditions that governed his release before his re-detention;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) Respondents must return any property taken from Petitioner at the time of his arrest including personal identification documents (other than a passport) and employment authorization documents.

Dated this 25th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge